FILED
United States Court of Appeals
Tenth Circuit

August 26, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

HERMAN MELVIN HINOJOSA,

Movant.

No. 08-1249
(D.C. No. 1:08-CV-01005-MSK)
(D. Colo.)

---

ORDER

---

Before **TACHA**, **LUCERO**, and **HOLMES**, Circuit Judges.

---

Movant Herman Melvin Hinojosa, also known as Henry Hinjosa, a federal prisoner proceeding pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. We deny authorization.

Mr. Hinojosa pleaded guilty in 1998 to bank fraud. He was sentenced to twenty months' imprisonment, plus five years of supervised release, and ordered to pay restitution. Pursuant to 18 U.S.C. § 3605, jurisdiction over Mr. Hinojosa was transferred from the District of Nevada to the District of Colorado while he was on supervised release. His supervised release was revoked in 2005 when he violated the terms of his supervised release. He was sentenced to an eight-month term of additional imprisonment to run consecutive to a six-year sentence

imposed by a Colorado state court, plus an additional fifty-two months of supervised release upon release from imprisonment.

Mr. Hinojosa did not file a direct appeal, but he did file a § 2255 motion in August 2005, challenging the legality of his sentence and the terms of his supervised release. The district court denied the § 2255 motion. *United States v. Hinojosa v. United States*, No. 04-cv-245-MK (D. Colo. Oct. 13, 2005). In May 2008, Mr. Hinojosa attempted to file another § 2255 motion. A federal prisoner may not file a second or successive § 2255 motion unless it is "certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Because Mr. Hinojosa had not obtained this required authorization, the district court transferred the matter to this court to give Mr. Hinojosa an opportunity to seek such authorization.

In his motion for authorization, Mr. Hinojosa seeks to present the following claims: (1) "[p]robation should have been over[] when [the] offense happened"; (2) the "[c]ourt had no [j]urisdiction at time of [the] offense": (3) the "[f]ederal attorney did a [g]lobal on me before we went to court [and there] [s]hould have only been one charge of [b]ank [f]raud[] for [the] instant offense." Mot. for Authorization, at 5. He claims his supervised release period was completed in March 2004; thus, the district court lacked jurisdiction to find that he had violated his supervised release in 2005. He also states it is against the law to piece-meal a sentence. *Id*. at 6.

Mr. Hinojosa's claims do not meet the requirements for authorization. To obtain authorization to file a second or successive § 2255 motion, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). He argues that his claims are based on new evidence because he has difficulty learning about federal law. Mr. Hinojosa's claims are not, however based on any new evidence. Becoming aware of relevant law does not constitute the discovery of "evidence," and all of the facts underlying his claims were known to him when he filed his first § 2255 motion. Moreover, "[s]ection 2255's newly discovered evidence exception . . . does not apply to claims asserting sentencing error." *In re Dean*, 341 F.3d 1247, 1248 (11th Cir. 2003).

Accordingly, authorization is DENIED and this matter is DISMISSED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk
